# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| ABS Entertainment, Inc., | CV15-06257 PA (AGRx) |
| v.   PLAINTIFF(S) | |
| CBS Corporation et al, | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 14-03 (RELATED CASES) |
| DEFENDANT(S). | |

## CONSENT

I hereby consent to the transfer of the above-entitled case to my calendar, pursuant to General Order 14-03.

**TRANSFER ORDER DECLINED**

_____          _____
Date                            United States District Judge

## DECLINATION

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:

See attached.

8/20/15                         [signature]
Date                            United States District Judge

## REASON FOR TRANSFER AS INDICATED BY COUNSEL

Case   CV13-05693 PSG (RZx)   and the present case:

☐ A.  Arise from the same or closely related transactions, happenings or events; or

☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve one or more defendants from the criminal case in common, and would entail substantial duplication of labor if heard by different judges (applicable only on civil forfeiture action).

## NOTICE TO COUNSEL FROM CLERK

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge ___Alicia G. Rosenberg___ to Magistrate Judge ___Gail J. Standish___.

On all documents subsequently filed in this case, please substitute the initials ___PSG (GJSx)___ after the case number in place of the initials of the prior judge, so that the case number will read ___CV15-06257 PSG (GJSx)___. This is very important because the documents are routed to the assigned judges by means of these initials

**TRANSFER ORDER DECLINED**

cc: ☑ Previous Judge   ☐ Statistics Clerk

CV-34 (03/15)    ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 14-03 (Related Cases)

Judge Philip S. Gutierrez declines to accept transfer of *ABS Entertainment, Inc. v. CBS Corporation, et al.*, No. CV 15-6257 PA (AGRx) on the proffered basis that it calls for determination of the same or similar questions of law and fact as the questions determined in *Flo & Eddie, Inc. v. Sirius XM Radio*, No. CV 13-5693 PSG (RZx).

In *Flo & Eddie*, the Court ruled that ownership of a pre-1972 sound recording under California Civil Code § 980(a)(2) includes the exclusive right to publicly perform the recording, and that Defendant Sirius XM Radio, Inc. infringed on Plaintiff Flo & Eddie's ownership rights when it played Flo & Eddie's recordings via satellite broadcast or Internet streaming. In *ABS Entertainment v. CBS*, a different plaintiff asserts a similar claim against a different radio entity, one that plays music via terrestrial radio broadcasts as well as Internet streaming.

The only issue of fact or law truly common to these cases is that the plaintiff in *ABS Entertainment v. CBS* asserts copyright infringement under the same statute that was at issue in the Flo & Eddie case. The Court declines to accept transfer of the *ABS Entertainment v. CBS* case on that basis alone because, on that reasoning, this Court would interpret every Cal. Civ. Code § 980(a)(2) infringement case filed in the Central District of California. Lawsuits that are related because they assert violations of the same statute are not sufficiently related to justify transfer.