```
                    UNITED STATES DISTRICT COURT

          CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

            HONORABLE PERCY ANDERSON, U.S. DISTRICT JUDGE


ABS ENTERTAINMENT, INC.,            )
                                    )
              Plaintiff,            )
                                    )
    vs.                             )   CASE NO.
                                    )   CV 15-6257 PA (AGRx)
CBS CORPORATION, et al.,            )
                                    )
              Defendants.           )
_____)




                    REPORTER'S TRANSCRIPT OF
                      SCHEDULING CONFERENCE
                   MONDAY, DECEMBER 14, 2015
                          10:34 A.M.
                     LOS ANGELES, CALIFORNIA
```

_____

**SHAYNA MONTGOMERY, CSR, RPR, CRR**
FEDERAL OFFICIAL COURT REPORTER
312 NORTH SPRING STREET, ROOM 410
LOS ANGELES, CALIFORNIA 90012
(213) 894-2665

UNITED STATES DISTRICT COURT

**APPEARANCES OF COUNSEL:**

**FOR THE PLAINTIFF:**

    MCKOOL SMITH HENNIGAN
    BY:  LAWRENCE M. HADLEY
        Attorney at Law
    865 South Figueroa Street, Suite 2900
    Los Angeles, California 90017
    (213) 694-1135

**FOR THE DEFENDANTS:**

    IRELL & MANELLA LLP
    BY:  ROBERT M. SCHWARTZ
        VICTOR JIH
        Attorneys at Law
    1800 Avenue of the Stars, Suite 900
    Los Angeles, California 90067-4276
    (310) 277-1010

```
 1            LOS ANGELES, CALIFORNIA; MONDAY, DECEMBER 14, 2015
 2                              10:34 A.M.
 3                               --oOo--
 4            THE DEPUTY CLERK:  Calling item number two,
 5   CR 15-6257, ABS Entertainment, Inc. v. CBS Corporation, et al.
 6       Counsel, state your appearances, please.
 7            MR. HADLEY:  Good morning, Your Honor.  Lawrence
 8   Hadley for plaintiffs.
 9            MR. SCHWARTZ:  Good morning, Your Honor.  Robert
10   Schwartz and Victor Jih for defendant CBS.
11            THE COURT:  Good morning.
12            MR. JIH:  Good morning.
13            THE COURT:  Somehow I get the impression that you
14   people want me to become the czar of the oldies but goodies.  I
15   know the plaintiffs wanted Judge Gutierrez to become the czar
16   and much like I did, but he decided to decline that honor.
17       There's a case in New York?
18            MR. HADLEY:  That's correct, Your Honor.
19            THE COURT:  Same parties?
20            MR. HADLEY:  Yes, Your Honor.
21            THE COURT:  That case is going to decide New York
22   law?
23            MR. HADLEY:  That's correct, Your Honor.
24            THE COURT:  You could have created a California
25   subclass, couldn't you, in the New York case?
```

```
 1              MR. HADLEY:  We could have.  The question would be
 2   whether the New York court would have a certified subclass, and
 3   the case in New York is -- the legal issues are being decided
 4   in a separate matter that is currently on appeal in the Second
 5   Circuit.
 6              THE COURT:  Uh-huh.  And the defendants here want to
 7   file an anti-SLAPP motion?
 8              MR. SCHWARTZ:  Yes, Your Honor.
 9              THE COURT:  Uh-huh.  You've filed an answer, right?
10              MR. SCHWARTZ:  We did.
11              THE COURT:  Uh-huh.  And you're in federal court.
12              MR. SCHWARTZ:  Yes.
13              THE COURT:  And there's certain consequences that
14   take place when you file an answer.
15              MR. SCHWARTZ:  Yes, we're aware, Your Honor.
16              THE COURT:  Oh.
17              MR. SCHWARTZ:  And we're proceeding with discovery
18   and other --
19              THE COURT:  Discovery on a motion to strike?
20              MR. SCHWARTZ:  Well, the plaintiffs requested --
21   when we filed the original anti-SLAPP motion, Your Honor, they
22   said there were some fact issues, and we said --
23              THE COURT:  Yeah, Rule 11 kind of precludes in
24   federal court having filed an answer then making a motion to
25   strike.  You're familiar with Rule 12(f), right?
```

1           MR. SCHWARTZ:  I believe that we are still permitted
2  to file the anti-SLAPP motion even though it is denominated
3  also as a motion to strike.
4           THE COURT:  I don't know about that, especially
5  given the fact that you're attacking the pleadings and you
6  think that you need discovery to do that.
7           MR. SCHWARTZ:  We don't need any discovery, Your
8  Honor.
9           THE COURT:  Well --
10          MR. SCHWARTZ:  It's the plaintiffs that want
11 discovery.
12          THE COURT:  I don't know about that.  And you
13 believe that because the class allegations have been stricken,
14 that the Court no longer has subject matter jurisdiction?
15          MR. HADLEY:  That's correct, Your Honor.
16          THE COURT:  You're not serious.
17          MR. HADLEY:  Your Honor, in fact, decided another
18 case in exactly the same way.  The question becomes --
19          THE COURT:  The question becomes what the Ninth
20 Circuit has done, right?
21          MR. HADLEY:  That's correct, but --
22          THE COURT:  And in United Steel, hasn't the circuit
23 pretty well decided that question?
24          MR. HADLEY:  I don't believe so.  I think the
25 question becomes one of diversity jurisdiction.

```
 1              THE COURT:  Nope.  That's dead on arrival.  That's
 2   not going anywhere.  So I'm not -- I don't need any briefing to
 3   decide whether or not I've got jurisdiction.  The circuit's
 4   very clear on that issue.  So I don't think that's going
 5   anywhere.
 6        Now, I take it your position is is that you haven't --
 7   assuming they have some sort of rights in pre-1972 recordings,
 8   your position is that you haven't played any pre-1972
 9   recordings because the music that you play has all been
10   digitally remastered or reissued.
11              MR. SCHWARTZ:  Correct, Your Honor.
12              THE COURT:  Okay.  And you keep -- I'm assuming you
13   keep logs of the songs that you play?
14              MR. SCHWARTZ:  We keep the actual files, the digital
15   files of the songs themselves so we know what they are.  We
16   believe we know where they came from over the years.  We are
17   provided logs by an outside service that provides information
18   as to what songs were played.  That doesn't tell us, though,
19   whether it was a recording made before 1972 or after.  It
20   simply tells us the name of the song and the artist who sang
21   it.
22              THE COURT:  Do you have some way of determining or
23   to back up your position that you haven't played any original
24   pre-1972 recordings?
25              MR. SCHWARTZ:  Yes, Your Honor.  We have the people
```

1  at the stations, and we have something -- all of this music is
2  loaded into an electronic database.
3       THE COURT: Uh-huh.
4       MR. SCHWARTZ: And so we know when the songs were
5  input into the database, and we believe also we know where they
6  came from. They came from CDs or files provided to us by
7  record companies. So we, from that information, were quite
8  confident that we know that we are not playing vinyl recordings
9  made before 1972.
10    Just by way of example, Your Honor, the CD format from
11 which our sound files came did not exist until 1982. So we
12 know when we're playing something that we got from a CD, by
13 definition, it could not have been created before 1972. The
14 actual medium didn't even exist at that point.
15      THE COURT: Uh-huh. If you wanted to take discovery
16 on that issue, how long would that take?
17      MR. HADLEY: We think we can get that discovery done
18 in a couple of months, Your Honor. We've already started
19 exchanging an agreed set of documents that both sides wanted in
20 connection with the planned anti-SLAPP motion.
21      MR. SCHWARTZ: If I could just expand on that, we
22 agreed as part of our Rule 26 initial disclosures to provide
23 exactly the kind of information the Court just mentioned, and
24 most of it we have already furnished. The parties agreed on
25 December 4th to begin the exchange of those. We produced

```
 1   almost all of the sound recordings and almost all of the logs
 2   of what we played.  So we believe we will have furnished that
 3   information to the plaintiffs in very short order, Your Honor.
 4            THE COURT:  Okay.  So if I wanted to -- so we could
 5   be in a position in a couple of months to have a summary
 6   judgment motion just on that issue?
 7            MR. SCHWARTZ:  Yes, Your Honor.
 8            THE COURT:  Because if they're right -- and I guess
 9   if you were in front of Judge Pregerson he might say they're
10   right -- the case is over.
11            MR. HADLEY:  We can be in a position in a couple of
12   months to do that, Your Honor.
13            THE COURT:  Okay.  So why don't we do that.
14            MR. SCHWARTZ:  Well, that's very similar to what the
15   parties had proposed.
16            THE COURT:  It's a little different, but --
17            MR. SCHWARTZ:  Okay.
18            THE COURT:  Think you can file your motion by late
19   February?
20            MR. SCHWARTZ:  Yes, Your Honor.
21            THE COURT:  What's the earliest you could file your
22   motion?
23            MR. SCHWARTZ:  It's really a question of the
24   discovery being completed.  Absent -- if that's a separate
25   issue of when the discovery has been completed, we could file
```

```
 1  it in January.  We're really -- we're prepared to meet whatever
 2  schedule the Court has in mind, Your Honor.
 3              THE COURT:  Okay.  Well, have you provided all that
 4  discovery?
 5              MR. SCHWARTZ:  Almost all of it.  We have a few
 6  sound recordings to produce.  I believe before the end of this
 7  month we will have completed the production of the sound
 8  recording files and the logs and, frankly, the remainder of the
 9  information that we agreed to produce to the plaintiffs in the
10  report of early meeting, Your Honor.
11              MR. HADLEY:  And then, Your Honor, once we have that
12  information, we probably need two, maybe three depositions, and
13  we would be in a position to respond to the motion.
14              THE COURT:  Who do you want to depose?  Do you know?
15              MR. HADLEY:  There were a number of individuals
16  identified in the defendants' initial disclosures which both
17  sides exchanged on December 4th, and at least a few of those
18  individuals we would want to depose on this issue.  The people
19  who are in charge of acquiring the rights to the digital media
20  that counsel mentioned and the people that have the logs and
21  the station managers, we think it's probably three people.
22              THE COURT:  Because if these are new works, they're
23  going to be covered by federal law --
24              MR. HADLEY:  That's correct, Your Honor.
25              THE COURT:  -- as opposed to state law, correct?
```

| | |
|---|---|
| 1 | MR. HADLEY: Correct. And it's our contention, of |
| 2 | course, that these are not new works. |
| 3 | THE COURT: Okay. Didn't Judge Pregerson have a |
| 4 | case where he had to decide that issue? |
| 5 | MR. HADLEY: I don't believe so, Your Honor. |
| 6 | THE COURT: Do you agree? |
| 7 | MR. SCHWARTZ: Yes, I'm nodding my head in |
| 8 | agreement, Your Honor. The issue was whether certain sound |
| 9 | recordings were being used or not, and it was the actual sound |
| 10 | recording or not. |
| 11 | THE COURT: Right. |
| 12 | MR. SCHWARTZ: Made a difference to jurors -- |
| 13 | THE COURT: You read that case? |
| 14 | MR. HADLEY: Yes, I have. |
| 15 | THE COURT: Okay. And you've paid a royalty to the |
| 16 | people who -- you paid a royalty for those digitally |
| 17 | remastered -- |
| 18 | MR. SCHWARTZ: We -- yes, Your Honor. We paid both |
| 19 | to the composers and, where federal law requires us, we pay a |
| 20 | company called Sound Exchange, which is something Congress set |
| 21 | up to collect royalties for those kinds of recordings. Where |
| 22 | they're obligated, we've been paying them. |
| 23 | THE COURT: Okay. So if we have that motion at the |
| 24 | end of February, assuming they're going to get all the paper |
| 25 | discovery to you, that would give you enough time to do your |

```
 1   depositions.
 2              MR. HADLEY:  Yes, Your Honor.
 3              THE COURT:  Okay.  And then we'd have your
 4   opposition by middle-March, like March 14th.
 5              MR. HADLEY:  Sounds reasonable.
 6              THE COURT:  And then we'd have your reply on March
 7   21st, and we could have a hearing on April 4th.
 8              MR. SCHWARTZ:  Sounds good, Your Honor.
 9              MR. HADLEY:  That sounds fine, Your Honor.
10              THE COURT:  Okay.  I'll issue a minute order today
11   setting out -- if that's the -- that's the issue we're going to
12   try to decide preliminarily because it seems to me that may be
13   dispositive here, and I'll go ahead and set some pretrial and
14   trial dates.  I'm looking at -- we have to try it probably
15   sometime in December of 2016, and it seems to me, assuming the
16   plaintiffs survive this first motion, maybe subsequently we
17   could raise in the context of a summary judgment motion the
18   motion that you want to raise with this anti-SLAPP issue.  Then
19   we don't have to worry about these conflicting rules between
20   what happens in California procedurally and what happens here
21   in federal court.
22        So that's sort of my plan, unless you guys agree to -- I
23   don't know why you don't want to go -- New York is lovely at
24   this time of year, that whole white Christmas thing.
25         All right.  Anything else that we need to take up today?
```

```
 1                MR. SCHWARTZ:  I don't believe so, Your Honor, no.
 2                MR. HADLEY:  I don't believe so, Your Honor.
 3                THE COURT:  Okay.  When is -- has oral argument been
 4    set in Judge Gutierrez's case?
 5                MR. SCHWARTZ:  No.  In the appeal, no.
 6                THE COURT:  And when's the briefing to be concluded?
 7                MR. SCHWARTZ:  I'm not sure, Your Honor.
 8                MR. HADLEY:  The plaintiffs, who are the respondents
 9    on appeal, filed their opposition brief, I believe, a couple of
10    weeks ago.
11                THE COURT:  And I'm sorry, I think I may have asked
12    this, but what's the status of the case in New York?
13                MR. HADLEY:  The case in New York -- there are
14    actually two cases in New York.  One against Cumulus that has
15    been stayed pending the outcome of the Second Circuit decision.
16    The case against CBS is moving forward under a case management
17    order that the court set, and there is, I believe, a somewhat
18    similar schedule.  There's a period of discovery followed by
19    briefing on a dispositive motion that the defendant plans to
20    bring and then followed by class certification discovery and
21    motion practice.
22                THE COURT:  Okay.  Well, as to the jurisdictional
23    claim, I'm not precluding you doing -- bringing that, but I
24    don't think that's going to go very far, and I think there may
25    be some issues with the anti-SLAPP.  But this seems to me to be
```

Case 2:15-cv-06257-PA-AGR Document 73 Filed 12/28/15 Page 13 of 15 Page ID #:1034

13

```
 1   a way that we can maybe reach a resolution rather quickly and
 2   save everybody a lot of time and effort and money.
 3          All right.  So I'll issue a minute order setting forth the
 4   briefing schedule, and we'll see where we are.
 5              MR. SCHWARTZ:  Thank you, Your Honor.
 6              MR. JIH:  Thank you.
 7              MR. HADLEY:  Thank you, Your Honor.
 8              THE COURT:  Thank you.
 9          Oh, I'm sorry.  One last thing.  You're going to do
10   private mediation?
11              MR. HADLEY:  That's correct, Your Honor.  We've
12   agreed to -- I think it's Procedure 3.
13              MR. SCHWARTZ:  If that's the one that corresponds to
14   that, that's correct.
15              THE COURT:  Okay.  You've agreed upon a mediator?
16              MR. HADLEY:  We have not yet, Your Honor.
17              THE COURT:  When do you plan on doing that?
18              MR. HADLEY:  We have not set a time -- certainly
19   within the time period prescribed by the rules, but it should
20   be something on our near-future agenda.
21              THE COURT:  How about within the next 14 days see if
22   you can agree on a mediator.  If you can't, each party should
23   submit a name, and I'll randomly select the mediator.
24              MR. SCHWARTZ:  Thank you, Your Honor.
25              THE COURT:  Oh, that's right.  There was some
```

```
 1  discussion of a protective order.
 2          MR. SCHWARTZ:  I believe that -- yes, there is in
 3  the report, Your Honor.
 4          THE COURT:  Okay.  I'll go ahead and issue a
 5  protective order today so that we don't have any delays, and if
 6  you need some greater protection, you're welcome to submit
 7  something.  But I'll go ahead and issue a protective order so
 8  that we don't -- there's no further delay.
 9      All right.  Anything else?
10          MR. SCHWARTZ:  No, Your Honor.
11          MR. HADLEY:  No, Your Honor.
12          THE COURT:  Okay.  Thank you very much.
13          MR. SCHWARTZ:  Thank you.
14          MR. JIH:  Thank you.
15      (The proceedings concluded at 10:52 a.m.)
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF OFFICIAL REPORTER**

COUNTY OF LOS ANGELES   )
                        )
STATE OF CALIFORNIA     )

      I, SHAYNA MONTGOMERY, Federal Official Realtime Court Reporter, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the judicial conference of the United States.

Date:  *December 28, 2015*

      /s/ SHAYNA MONTGOMERY
_____
SHAYNA MONTGOMERY, CSR, RPR, CRR
Federal Official Court Reporter

**UNITED STATES DISTRICT COURT**