MCKOOL SMITH HENNIGAN, P.C.
RODERICK G. DORMAN (SBN 96908)
rdorman@mckoolsmithhennigan.com
ROBERT E. ALLEN (SBN 166589)
rallen@mckoolsmithhennigan.com
LAWRENCE M. HADLEY (SBN 157728)
lhadley@mckoolsmithhennigan.com
ALAN P. BLOCK (SBN 143783)
ablock@mckoolsmithhennigan.com
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
T:  (213) 694-1200; F:  (213) 694-1234

MILLER LAW LLC
MARVIN A. MILLER (admitted pro hac vice)
mmiller@millerlawllc.com
ANDREW SZOT (admitted pro hac vice)
aszot@millerlawllc.com
KATHLEEN E. BOYCHUCK (admitted pro hac vice)
kboychuck@millerlawllc.com
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
T:  (312) 332-3400; F:  (312) 676-2676

Attorneys for Plaintiffs
ABS ENTERTAINMENT, INC., BARNABY
RECORDS, INC., BRUNSWICK RECORD
CORPORATION and MALACO, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABS ENTERTAINMENT, INC., an Arkansas corporation, BARNABY RECORDS, INC., a California corporation, BRUNSWICK RECORD CORPORATION, a New York corporation and MALACO, INC., a Mississippi corporation, each individually and on behalf of all others similarly situated.<br><br>                              Plaintiffs,<br><br>          v.<br><br>CBS CORPORATION, a Delaware corporation; CBS RADIO INC., a Delaware corporation; and DOES 1 through 10,<br><br>                              Defendants. | Case No. 2:15-cv-6257-PA (AGRx)<br><br>**PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:     May 2, 2016<br>Time:     1:30 p.m.<br>Place:    Courtroom 15 – Spring St.<br>Before:   Hon. Percy Anderson |

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

Plaintiffs ABS ENTERTAINMENT, INC., BARNABY RECORDS, INC., BRUNSWICK RECORD CORPORATION and MALACO, INC. hereby submit their Responses to Defendants CBS Corporation's and CBS Radio Inc.'s Separate Statement of Undisputed Facts and Conclusions of Law in Support of their Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment.  None of the alleged undisputed facts submitted by CBS Corporation and CBS Radio Inc. are sufficient to support summary judgment on CBS's Motion.  Nonetheless, plaintiff responds below and provides evidence contesting plaintiff's alleged undisputed facts.

## I.   PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

Pursuant to L.R. 56-2, the chart below sets forth all material facts as to which Plaintiffs contend there exists a genuine dispute necessary to be litigated.

Supporting evidence is found in, or attached as an exhibit to, the Declaration of Bill Inglot ("Inglot Decl."), the Declaration of Durand Begault ("Begault Decl."), the Declaration of Seth Neiman ("Neiman Decl."), the Declaration of Jeff Sottolano ("Sottolano Decl."), the Declaration of Stacy Benson ("Benson Decl."), the Declaration of Andrew Strabone ("Strabone Decl."), the Declaration of Paul Gelusa ("Gelusa Decl."), the Declaration of Don Wilson ("Wilson Decl."), the Declaration of Lawrence Kartiganer ("Kartiganer Decl."), the Declaration of Paul Tarnopol ("Tarnopol Decl."), the Declaration of Thomas Couch, Sr. ("Couch Decl."), the Declaration of Robert Emmer ("Emmer Decl."), the Declaration of Matthew Johnson ("Johnson Decl."), and the Declaration of Alan Block ("Block Decl.")

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| 1.  CBS does not create or maintain records showing the names and other information ("playlist | Disputed.  CBS simulcasts its terrestrial radio broadcasts over the Internet for each of its 80 music radio stations on |

McKool Smith Hennigan, P.C.
Los Angeles, CA

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| records") for the sound recordings it publicly performs through radio broadcasts on its terrestrial (AM and FM band) radio stations. | Radio.com.  A third party named Triton Digital creates reports identifying each sound recording that is so simulcast by CBS on Radio.com (the "Triton Reports"). The Triton Reports are thus "records showing the names and other information ('playlist records') for the sound recordings it publicly performs through radio broadcasts on its terrestrial (AM and FM band) radio stations." CBS provides the Triton Reports to SoundExchange. Neiman Depo., at 28:18-31:22 (Ex. 4 to Block Decl.); CBS's response to Interrogatory No. 17 (Ex. 13 to Block Decl.); Summary of Triton Reports (Ex. 7 to Block Decl.); Block Decl., ¶¶ 18-21. |
| 2.  CBS does not create or maintain records that would indicate the source of the sound recordings it publicly performs through radio broadcasts on its terrestrial radio stations. | Disputed.  The Triton Reports list the album from which the sound recording was derived, thus indicating the source of the sound recordings CBS publicly performs. (Ex. 7 to Block Decl.); Block Decl., ¶¶ 18-21.  The Radio.com reports showing the sound files stored on Radio 2.0 also show the song and album titles.  (Neiman Decl., at ¶ 12)  Additionally, CBS has provided a list of the CDs from which the recordings |

2

1165623

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| | publicly performed on radio.com are derived, again indicating the source of the sound recordings CBS publicly performs. |
| 3.  CBS does not create or maintain records regarding the source of the sound recordings it publicly performs through streaming of those sound recordings on its Internet-based music services. | Disputed.  In his declaration, Mr. Neiman states that CBS's records for Radio 2.0 (CBS's database of sound files) include information showing the title of each recording and album that was loaded therein.  Neiman Decl., at ¶¶ 4-7. |
| 4.  As a general practice, the sound recordings that CBS publicly performs are digital files that come from CDs that are purchased, given to CBS, or otherwise acquired, or from digital download. | Undisputed. |
| 5.  Since 1972, plaintiffs have authorized the creation and release of various digital versions of the sound recordings at issue. | Disputed.  Plaintiffs have authorized the reproduction and distribution of their pre-1972 sound recordings for release in the digital format, but did not authorize the creation of any derivative works of those recordings or the creation of copies that involved substantial, not trivial changes.  Wilson Decl. ¶¶ 6, 9-12; Kartiganer Decl. ¶¶ 6, 9-12; Tarnopol Decl. ¶¶ 6, 9-12; |

3

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
|  | Couch Decl. ¶¶ 6, 9-12. |
| 6. Plaintiffs have no evidence that CBS publicly performed the sound recordings that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed the sound recordings that plaintiffs claim to own. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-17; Neiman Decl., at ¶¶ 7-12; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 4-7; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.); Block Decl., at ¶¶ 19-23; Ex. 7; 13 to Block Decl. |
| 7. "Remastering" is the process of editing a sound recording through techniques such as equalizing, balancing, and compression to capture the best elements of the original performances and take full advantage of modern digital formats. | Disputed.  Geluso Decl., at ¶ 24-25; Wilson Decl. ¶ 3-4; Kartiganer Decl. ¶ 3-4; Tarnopol Decl.¶ 3-4; Couch Decl. ¶ 3-4. |
| 8. Sound engineers make creative decisions to realize their ultimate | Disputed.  Geluso Decl., at ¶ 24. |

McKool Smith Hennigan, P.C.
Los Angeles, CA

4

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| vision for a particular recording and to produce the best possible remastered recording. | |
| 9. The album *The Complete Cadence Recordings 1957-1960*, which includes *Bye Bye Love* and other songs Barnaby claims to own such as *Poor Jenny* and *('Til) I Kissed You*, states in its liner notes that it was "Digitally Remasted by Dan Hersch, DigiPrep, Hollywood." | Undisputed. |
| 10. The CD jacket for the album 20 Greatest Hits, which *includes Can I Change My Mind* and other Brunswick songs such as *I Had It All The Time and Is It Something You've Got*, states in big bold letters that the album is "DIGITALLY REMASTERED." | Undisputed. |
| 11. The liner notes to the album *Songs of Hope and Faith*, which includes *His Eye Is on the Sparrow* and other songs Malaco claims to own such as *In the* | Undisputed. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| *Upper Room* and *Silent Night*, state that the album is a "digitally remastered compilation." | |
| 12. To the best of CBS's knowledge, CBS plays only post-1972 digital sound recordings that have been reissued or remastered. | Disputed.  CBS' statement is not supported by Messrs. Neiman and Sottolano.  Mr. Neiman states that: "The sound recordings that Radio.com has played in the four years before the filing of the complaint come from CDs that were all released after 1972 or a digital download." (Neiman Decl., ¶ 6).  Mr. Sottolano states: "As far as I am aware, any of plaintiffs' claimed sound recordings that were played on CBS's terrestrial radio stations in the four years before the filing of the complaint has come from a re-issued or remastered digital sound recording from a CD released after 1972 or digital download."  To the extent that CBS is presenting the legal conclusion that the digital sound recordings  that CBS plays are "post-1972" recordings that are entitled to federal copyright protection, Plaintiffs dispute that legal conclusion. |
| 13. The recordings in CBS's storage systems are different from the pre-1972 sound recordings | Disputed.  Geluso Decl., at ¶¶ 10-18; 32-95. |

6

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| plaintiffs claim to own. | |
| 14. The expected end format of a recording (such as a CD) impacts the way a sound recording is remastered. | Undisputed. |
| 15. Timbre, Spatial Imagery, Sound Balance, and Loudness Range are recognized within the field of acoustics as relevant indicia that allow one experienced in the field to evaluate the similarity or dissimilarity of any two sound recordings. | Disputed.  Geluso Decl., at ¶¶ 13-18, 32-37. |
| 16. Mr. Inglot made a number of equalization adjustments and modified loudness profiles on The Everly Brothers' 1994 album *Heartaches & Harmonies*. | Disputed.  CBS' statement is not supported by Inglot Decl., ¶ 44.  It is further irrelevant, because Mr. Inglot admitted that did not know whether any of Plaintiffs' pre-1972 sound recordings that were remastered by him were the copies that CBS played over the air or through Internet streaming.  (Inglot Dep., at 32:4-12). |
| 17. For certain songs, CBS has several different remastered versions of the same song. | Disputed.  CBS does not have several different versions of the same song.  CBS may have different copies of Plaintiffs' |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| | pre-1972 sound recordings that have been remastered. |
| 18. The differences between two remastered versions of the same song illustrate the discretionary judgments sound engineers make during the remastering process. | Disputed.  Geluso Decl., at ¶¶ 13-18, 24-31. |
| 19. Each time CBS has played a recording, including those plaintiffs claim to own, CBS has paid a royalty to the owner of the composition, usually collected by a performing rights organization, such as ASCAP, BMI, or SESAC. | Undisputed, but irrelevant.  There are two rights at issue: the rights to the composition and the rights to the sound recording.  CBS states that it paid royalties to the owners of the compositions, but that payment has nothing to do with compensating the owner of the sound recording. |
| 20. *Tuff*: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Tuff" by Ace Cannon that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Tuff" by Ace Cannon. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-7, 17-23; Neiman Decl., at ¶ 8; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 21. The copy of the sound recording | Disputed.  Geluso Decl., at ¶ 39 |

8

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| of "Tuff" by Ace Cannon that CBS possesses is of an entirely different performance than, and is not the same recording as, the original pre-1972 recording plaintiffs claim to own. | |
| 22. ***Want To Hold Your Hand***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Want To Hold Your Hand" by Al Green that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Want to Hold Your Hand" by Al Green. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-7, 17-23; Neiman Decl., at ¶¶ 8; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 23. The copy (or copies) of the sound recording of "Want To Hold Your Hand" by Al Green that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | Disputed.  Geluso Decl., at ¶ 43. |
| 24. The differences between the sound recording(s) of "Want To Hold Your Hand" by Al Green | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at |

9

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | ¶ 43. |
| 25. *I Can't Get Next To You*: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "I Can't Get Next To You" by Al Green that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "I Can't Get Next to You" by Al Green. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-7, 17-23; Neiman Decl., at ¶¶ 8; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 26. The copy of the sound recording of "I Can't Get Next To You" by Al Green that CBS possesses is of an entirely different performance than, and is not the same recording as, the original pre-1972 recording plaintiffs claim to own. | Undisputed. |
| 27. *Tired Of Being Alone*: Plaintiffs cannot establish that CBS publicly | Disputed.  Plaintiffs have substantial, material evidence proving that CBS |

10

1165623

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| performed the pre-1972 sound recording of "Tired Of Being Alone" by Al Green that plaintiffs claim to own. | publicly performed "Tired of Being Alone" by Al Green. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-7, 17-23; Neiman Decl., at ¶¶ 8; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 4; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 28. The copy (or copies) of the sound recording of "Tired Of Being Alone" by Al Green that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | Disputed.  Geluso Decl., at ¶ 42. |
| 29. The differences between the sound recording(s) of "Tired Of Being Alone" by Al Green that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 45. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| 30. ***Let's Stay Together***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Let's Stay Together" by Al Green that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Let's Stay Together" by Al Green. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-7, 17-23; Neiman Decl., at ¶¶ 8; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 4; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 31. The copy (or copies) of the sound recording of "Let's Stay Together" by Al Green that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | Disputed.  Geluso Decl., at ¶ 41. |
| 32. The differences between the sound recording(s) of "Let's Stay Together" by Al Green that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non- | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 41. |

McKool Smith Hennigan, P.C.
Los Angeles, CA

12

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| mechanical processes undertaken by a sound engineer. | |
| 33. ***That's How It Is (When You're In Love)***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "That's How It Is (When You're In Love)" by Otis Clay that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "That's How it is (When You're in Love)" by Otis Clay. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-7, 17-23; Neiman Decl., at ¶¶ 8; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 34. The copy (or copies) of the sound recording of "That's How It Is (When You're In Love)" by Otis Clay that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | Undisputed, because the CBS sound recording is of a different performance. Geluso Decl., at ¶ 66. |
| 35. The differences between the sound recording(s) of "That's How It Is (When You're In Love)" by Otis Clay that CBS possesses and the original pre-1972 sound recording plaintiffs | Disputed.  Geluso Decl., at ¶ 66. |

McKool Smith Hennigan, P.C.
Los Angeles, CA

13

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| claim to own are due to non-mechanical processes undertaken by a sound engineer. | |
| 36. ***Soul Serenade: Plaintiffs*** cannot establish that CBS publicly performed the pre-1972 sound recording of "Soul Serenade" by Willie Mitchell that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Soul Serenade" by Willie Mitchell. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-7, 17-23; Neiman Decl., at ¶¶ 8; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 37. The copy (or copies) of the sound recording of "Soul Serenade" by Willie Mitchell that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | Disputed.  Geluso Decl., at ¶ 94. |
| 38. The differences between the sound recording(s) of "Soul Serenade" by Willie Mitchell that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 94. |

McKool Smith Hennigan, P.C.
Los Angeles, CA

14

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| non-mechanical processes undertaken by a sound engineer. | |
| 39. ***Canadian Sunset***:  Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Canadian Sunset" by Andy Williams that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Canadian Sunset" by Andy Williams. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 40. The copy (or copies) of the sound recording of "Canadian Sunset" by Andy Williams that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | Disputed.  Geluso Decl., at ¶ 44. |
| 41. The differences between the sound recording(s) of "Canadian Sunset" by Andy Williams that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 44. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| undertaken by a sound engineer. | |
| 42. **The Village of St. Bernadette**: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "The Village of St. Bernadette" by Andy Williams that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "The Village of St. Bernadette" by Andy Williams. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 43. The copy (or copies) of the sound recording of "The Village of St. Bernadette" by Andy Williams that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | Disputed.  Geluso Decl., at ¶ 45. |
| 44. The differences between the sound recording(s) of "The Village of St. Bernadette" by Andy Williams that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non- | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 45. |

16

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| mechanical processes undertaken by a sound engineer. | |
| 45. ***Oh, Boy!***:  Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Oh, Boy!" by Crickets (w/o Buddy Holly) that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Oh, Boy!" by Crickets (w/o Buddy Holly). Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 46. The copy of the sound recording of "Oh, Boy!" by Crickets (w/o Buddy Holly) that CBS possesses is of an entirely different performance than, and is not the same recording as, the original pre-1972 recording plaintiffs claim to own. | Undisputed. |
| 47. ***It Keeps Right On A-Hurtin'***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "It Keeps Right On A-Hurtin'" by | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "It Keeps Right On A-Hurtin'" by Johnny Tillotson. Email from A. Gressel of January 7, 2016 including |

17

1165623

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| Johnny Tillotson that plaintiffs claim to own | attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 48. The copy (or copies) of the sound recording of "It Keeps Right On A-Hurtin'" by Johnny Tillotson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | Disputed.  Geluso Decl., at ¶ 59. |
| 49. The differences between the sound recording(s) of "It Keeps Right On A-Hurtin'" by Johnny Tillotson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 59. |
| 50. ***Poetry in Motion: Plaintiffs*** cannot establish that CBS publicly performed the pre-1972 sound recording of "Poetry in Motion" | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Poetry in Motion" by Johnny Tillotson. Email from A. Gressel of |

18
PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| by Johnny Tillotson that plaintiffs claim to own. | January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 51. The copy (or copies) of the sound recording of "Poetry in Motion" by Johnny Tillotson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 60. |
| 52. The differences between the sound recording(s) of "Poetry in Motion" by Johnny Tillotson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 60. |
| 53. ***Since I Fell For You:*** Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Since I Fell For You" by Lenny Welch that | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Since I Fell for You" by Lenny Welch. Email from A. Gressel of January 7, 2016 including attachment |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| plaintiffs claim to own. | (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 13, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 5; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.) Ex. 7; 13 to Block Decl. |
| 54. The copy (or copies) of the sound recording of "Since I Fell For You" by Lenny Welch that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 62. |
| 55. The differences between the sound recording(s) of "Since I Fell For You" by Lenny Welch that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 62. |
| 56. ***Everything Is Beautiful: Plaintiffs*** cannot establish that CBS publicly performed the pre- | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Everything is |

20

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| 1972 sound recording of "Everything Is Beautiful" by Ray Stevens that plaintiffs claim to own. | Beautiful" by Ray Stevens. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 13, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 5; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.) Ex. 7; 13 to Block Decl. |
| 57. The copy (or copies) of the sound recording of "Everything Is Beautiful" by Ray Stevens that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | Disputed.  Geluso Decl., at ¶ 67. |
| 58. The differences between the sound recording(s) of "Everything Is Beautiful" by Ray Stevens that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 67. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| 59. ***Gitarzan: Plaintiffs*** cannot establish that CBS publicly performed the pre-1972 sound recording of "Gitarzan" by Ray Stevens that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Gitarzan" by Ray Stevens. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 60. The copy (or copies) of the sound recording of "Gitarzan" by Ray Stevens that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | Disputed.  Geluso Decl., at ¶ 68. |
| 61. The differences between the sound recording(s) of "Gitarzan" by Ray Stevens that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 68. |
| 62. ***Born To Be With You***: Plaintiffs | Disputed.  Plaintiffs have substantial, |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

McKool Smith Hennigan, P.C.
Los Angeles, CA

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| cannot establish that CBS publicly performed the pre-1972 sound recording of "Born To Be With You" by The Chordettes that plaintiffs claim to own. | material evidence proving that CBS publicly performed "Born to Be With You" by The Chordettes. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 63. The copy of the sound recording of "Born To Be With You" by The Chordettes that CBS possesses is of an entirely different performance than, and is not the same recording as, the original pre-1972 recording plaintiffs claim to own. | Undisputed, because the CBS sound recording is of a different performance. Geluso Decl., at ¶ 78. |
| 64. ***Eddie, My Love***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Eddie, My Love" by The Chordettes that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Eddie, My Love" by The Chordettes. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); |

McKool Smith Hennigan, P.C.
Los Angeles, CA

23

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| | Ex. 7; 13 to Block Decl. |
| 65. The copy (or copies) of the sound recording of "Eddie, My Love" by The Chordettes that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | Disputed.  Geluso Decl., at ¶ 79. |
| 66. The differences between the sound recording(s) of "Eddie, My Love" by The Chordettes that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 79. |
| 67. ***Just Between You and Me***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Just Between You and Me" by The Chordettes that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Just Between You and Me" by The Chordettes. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |

McKool Smith Hennigan, P.C.
Los Angeles, CA

24

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
| --- | --- |
| 68. The copy (or copies) of the sound recording of "Just Between You and Me" by The Chordettes that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 75 |
| 69. The differences between the sound recording(s) of "Just Between You and Me" by The Chordettes that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 75. |
| 70. **_Lollipop_**: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Lollipop" by The Chordettes that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Lollipop" by The Chordettes. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); |

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

25

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| | Ex. 7; 13 to Block Decl. |
| 71. The copy (or copies) of the sound recording of "Lollipop" by The Chordettes that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 76. |
| 72. The differences between the sound recording(s) of "Lollipop" by The Chordettes that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 76. |
| 73. *__Mr. Sandman__*: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Mr. Sandman" by The Chordettes that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Mr. Sandman" by The Chordettes. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| 74. The copy (or copies) of the sound recording of "Mr. Sandman" by The Chordettes that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 77. |
| 75. The differences between the sound recording(s) of "Mr. Sandman" by The Chordettes that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 76. |
| 76. (*'Til*) *I Kissed You*: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "('Til) I Kissed You" by The Everly Brothers that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "('Til) I Kissed You" by The Everly Brothers. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 77. The copy (or copies) of the sound | Disputed.  Geluso Decl., at ¶ 81. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| recording of "('Til) I Kissed You" by The Everly Brothers that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | |
| 78. The differences between the sound recording(s) of "('Til) I Kissed You" by The Everly Brothers that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 81. |
| 79. ***All I Have To Do Is Dream***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "All I Have To Do Is Dream" by The Everly Brothers that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "All I Have to Do Is Dream" by The Everly Brothers. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 13, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 5; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| | Decl.) Ex. 7; 13 to Block Decl. |
| 80. The copy (or copies) of the sound recording of "All I Have To Do Is Dream" by The Everly Brothers that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed. Geluso Decl., at ¶ 82. |
| 81. The differences between the sound recording(s) of "All I Have To Do Is Dream" by The Everly Brothers that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed. This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS. Geluso Decl., at ¶ 82. |
| 82. ***Bird Dog***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Bird Dog" by The Everly Brothers that plaintiffs claim to own. | Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly performed "Bird Dog" by The Everly Brothers. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14- |

29

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| | 19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 83. The copy (or copies) of the sound recording of "Bird Dog" by The Everly Brothers that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 83. |
| 84. The differences between the sound recording(s) of "Bird Dog" by The Everly Brothers that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 83. |
| 85. ***Bye Bye Love***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Bye Bye Love" by The Everly Brothers that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Bye Bye Love" by The Everly Brothers. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 13, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 |

McKool Smith Hennigan, P.C.
Los Angeles, CA

30

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| | to Block Decl.); Sottolano Decl., at ¶¶ 5; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.) Ex. 7; 13 to Block Decl. |
| 86. The copy (or copies) of the sound recording of "Bye Bye Love" by The Everly Brothers that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed. Geluso Decl., at ¶ 84. |
| 87. The differences between the sound recording(s) of "Bye Bye Love" by The Everly Brothers that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer | Disputed. This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS. Geluso Decl., at ¶ 84. |
| 88. ***Like Strangers***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Like Strangers" by The Everly Brothers that plaintiffs claim to own. | Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly performed "Like Strangers" by The Everly Brothers. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17- |

31

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| | 23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 89. The copy of the sound recording of "Like Strangers" by The Everly Brothers that CBS possesses is of an entirely different performance than, and is not the same recording as, the original pre-1972 recording plaintiffs claim to own. | Undisputed. |
| 90. **_Poor Jenny_**: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Poor Jenny" by The Everly Brothers that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Poor Jenny" by The Everly Brothers. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 91. The copy (or copies) of the sound recording of "Poor Jenny" by The Everly Brothers that CBS possesses is not the same sound | Disputed.  Geluso Decl., at ¶ 86. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT
1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| recording as the pre-1972 sound recording plaintiffs claim to own | |
| 92. The differences between the sound recording(s) of "Poor Jenny" by The Everly Brothers that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 86. |
| 93. ***Wake Up Little Susie***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Wake Up Little Susie" by The Everly Brothers that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Wake Up Little Susie" by The Everly Brothers. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 13, 17-23; Neiman Decl., at ¶¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 5; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.) Ex. 7; 13 to Block Decl. |
| 94. The copy (or copies) of the sound recording of "Wake Up Little | Disputed.  Geluso Decl., at ¶ 87. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

McKool Smith Hennigan, P.C.
Los Angeles, CA

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| Susie" by The Everly Brothers that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | |
| 95. The differences between the sound recording(s) of "Wake Up Little Susie" by The Everly Brothers that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed. This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS. Geluso Decl., at ¶ 87. |
| 96. ***When Will I Be Loved***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "When Will I Be Loved" by The Everly Brothers that plaintiffs claim to own. | Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly performed "When Will I Be Loved" by The Everly Brothers. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 8, 13, 17-23; Neiman Decl., at ¶ 9; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 5; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block |

34

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| | Decl.) Ex. 7; 13 to Block Decl. |
| 97. The copy (or copies) of the sound recording of "When Will I Be Loved" by The Everly Brothers that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed. Geluso Decl., at ¶ 88. |
| 98. The differences between the sound recording(s) of "When Will I Be Loved" by The Everly Brothers that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed. This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS. Geluso Decl., at ¶ 88. |
| 99. ***(Your Love Keeps Lifting Me Higher & Higher***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "(Your Love Keeps Lifting Me) Higher & Higher" by Jackie Wilson that plaintiffs claim to own. | Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly performed "(Your Love Keeps Lifting Me) Higher and Higher" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 14, 17-23; Neiman Decl., at ¶ 10; |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

McKool Smith Hennigan, P.C.
Los Angeles, CA

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| | Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 6; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 100.  The copy (or copies) of the sound recording of "(Your Love Keeps Lifting Me) Higher & Higher" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 58. |
| 101.  The differences between the sound recording(s) of "(Your Love Keeps Lifting Me) Higher & Higher" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 58. |
| 102. ***A Woman A Lover A Friend***: Plaintiffs cannot establish that CBS publicly performed the pre- | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "A Woman A Lover A |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| 1972 sound recording of "A Woman A Lover A Friend" by Jackie Wilson that plaintiffs claim to own. | Friend" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 103.  The copy (or copies) of the sound recording of "A Woman A Lover A Friend" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 46. |
| 104.  The differences between the sound recording(s) of "A Woman A Lover A Friend" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 46. |
| 105.  ***Baby Workout***: Plaintiffs cannot establish that CBS publicly | Disputed.  Plaintiffs have substantial, material evidence proving that CBS |

McKool Smith Hennigan, P.C.
Los Angeles, CA

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| performed the pre-1972 sound recording of "Baby Workout" by Jackie Wilson that plaintiffs claim to own. | publicly performed "Baby Workout" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 106.  The copy (or copies) of the sound recording of "Baby Workout" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 47. |
| 107.  The differences between the sound recording(s) of "Baby Workout" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 47. |
| 108.  ***Doggin' Around:*** Plaintiffs cannot establish that CBS publicly | Disputed.  Plaintiffs have substantial, material evidence proving that CBS |

38

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| performed the pre-1972 sound recording of "Doggin' Around" by Jackie Wilson that plaintiffs claim to own. | publicly performed "Doggin' Around" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 109.  The copy (or copies) of the sound recording of "Doggin' Around" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed. Geluso Decl., at ¶ 48. |
| 110.  The differences between the sound recording(s) of "Doggin' Around" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 48. |
| 111.  ***I'll Be Satisfied***: Plaintiffs cannot establish that CBS publicly | Disputed.  Plaintiffs have substantial, material evidence proving that CBS |

39

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| performed the pre-1972 sound recording of "I'll Be Satisfied" by Jackie Wilson that plaintiffs claim to own. | publicly performed "I'll Be Satisfied" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 112.  The copy (or copies) of the sound recording of "I'll Be Satisfied" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 49. |
| 113.  The differences between the sound recording(s) of "I'll Be Satisfied" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 49. |
| 114.  ***I'm Comin' On Back To You***: Plaintiffs cannot establish that | Disputed.  Plaintiffs have substantial, material evidence proving that CBS |

40

1165623

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| CBS publicly performed the pre-1972 sound recording of "I'm Comin' On Back To You" by Jackie Wilson that plaintiffs claim to own. | publicly performed "I'm Coming on Back to You" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 115.  The copy (or copies) of the sound recording of "I'm Comin' On Back To You" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Undisputed, because the CBS sound recording is of a different performance. Geluso Decl., at ¶ 50. |
| 116.  The differences between the sound recording(s) of "I'm Comin' On Back To You" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 50. |
| 117.  ***Lonely Teardrops***: Plaintiffs | Disputed.  Plaintiffs have substantial, |

41

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| cannot establish that CBS publicly performed the pre-1972 sound recording of "Lonely Teardrops" by Jackie Wilson that plaintiffs claim to own. | material evidence proving that CBS publicly performed "Lonely Teardrops" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 14, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 6; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 118.  The copy (or copies) of the sound recording of "Lonely Teardrops" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 51. |
| 119.  The differences between the sound recording(s) of "Lonely Teardrops" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 51. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| undertaken by a sound engineer. | |
| 120. ***Night***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Night" by Jackie Wilson that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Night" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 121.  The copy (or copies) of the sound recording of "Night" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 52. |
| 122.  The differences between the sound recording(s) of "Night" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 52. |

43

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| 123. ***Reet Petite***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Reet Petite" by Jackie Wilson that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Reet Petite" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 124.  The copy (or copies) of the sound recording of "Reet Petite" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 53. |
| 125.  The differences between the sound recording(s) of "Reet Petite" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 53. |
| 126.  ***That's Why (I Love You So)***: | Disputed.  Plaintiffs have substantial, |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

McKool Smith Hennigan, P.C.
Los Angeles, CA

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "That's Why (I Love You So)" by Jackie Wilson that plaintiffs claim to own. | material evidence proving that CBS publicly performed "That's Why (I Love You So)" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 127.   The copy (or copies) of the sound recording of "That's Why (I Love You So)" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 54. |
| 128.   The differences between the sound recording(s) of "That's Why (I Love You So)" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 54. |

McKool Smith Hennigan, P.C.
Los Angeles, CA

45

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| 129. ***To Be Loved***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "To Be Loved" by Jackie Wilson that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "To Be Loved" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 130.  The copy (or copies) of the sound recording of "To Be Loved" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | Disputed.  Geluso Decl., at ¶ 55. |
| 131.  The differences between the sound recording(s) of "To Be Loved" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 54. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

McKool Smith Hennigan, P.C.
Los Angeles, CA

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| 132. ***Whispers (Gettin' Louder)***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Whispers (Gettin' Louder)" by Jackie Wilson that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Whispers (Gettin' Louder)" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 133.  The copy (or copies) of the sound recording of "Whispers (Gettin' Louder)" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | Disputed.  Geluso Decl., at ¶ 56. |
| 134.  The differences between the sound recording(s) of "Whispers (Gettin' Louder)" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 56. |

McKool Smith Hennigan, P.C.
Los Angeles, CA

47

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| engineer. | |
| 135. ***You Better Know It***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "You Better Know It" by Jackie Wilson that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "You Better Know It" by Jackie Wilson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 136.  The copy (or copies) of the sound recording of "You Better Know It" by Jackie Wilson that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 57. |
| 137.  The differences between the sound recording(s) of "You Better Know It" by Jackie Wilson that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 57. |

McKool Smith Hennigan, P.C.
Los Angeles, CA

48

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| undertaken by a sound engineer. | |
| 138.  **_(For God's Sake) Give More Power To The People_**: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "(For God's Sake) Give More Power To The People" by The Chi-Lites that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "(For God's Sake) Give More Power to the People" by The Chi-Lites. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 139.  The copy (or copies) of the sound recording of "(For God's Sake) Give More Power To The People" by The Chi-Lites that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 72. |
| 140.  The differences between the sound recording(s) of "(For God's Sake) Give More Power To The People" by The Chi-Lites that CBS possesses and the original | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 72. |

49

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | |
| 141. ***Are You My Woman (Tell Me So)***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Are You My Woman (Tell Me So)" by The Chi-Lites that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Are You My Woman (Tell Me So)" by The Chi-Lites. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 142.  The copy (or copies) of the sound recording of "Are You My Woman (Tell Me So)" by The Chi-Lites that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | Disputed.  Geluso Decl., at ¶ 70. |
| 143.  The differences between the sound recording(s) of "Are You My Woman (Tell Me So)" by The Chi-Lites that CBS possesses and | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 70. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | |
| 144.  *__Give It Away__*: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Give It Away" by The Chi-Lites that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Give it Away" by The Chi-Lites. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 145.  The copy (or copies) of the sound recording of "Give It Away" by The Chi-Lites that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 71. |
| 146.  The differences between the sound recording(s) of "Give It Away" by The Chi-Lites that CBS possesses and the original pre- | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 71. |

51

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
| --- | --- |
| 1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | |
| 147. ***Have You Ever Seen Her***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Have You Seen Her" by The Chi-Lites that plaintiffs claim to own. | Disputed. Plaintiffs have substantial, material evidence proving that CBS publicly performed "Have You Seen Her" by The Chi-Lites. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 14, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 6; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 148. The copy (or copies) of the sound recording of "Have You Seen Her" by The Chi-Lites that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed. Geluso Decl., at ¶ 73. |
| 149. The differences between the | Disputed. This statement is not supported |

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| sound recording(s) of "Have You Seen Her" by The Chi-Lites that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 73. |
| 150.  **_Oh Girl_**: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Oh Girl" by The Chi-Lites that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed ""Oh Girl" by The Chi-Lites. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 14, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 6; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 151.  The copy (or copies) of the sound recording of "Oh Girl" by The Chi-Lites that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | Disputed.  Geluso Decl., at ¶ 74. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| 152.   The differences between the sound recording(s) of "Oh Girl" by The Chi-Lites that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 74. |
| 153.   ***The Sly, Slick & The Wicked***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "The Sly, Slick & The Wicked" by The Lost Generation that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "The Sly, Slick & The Wicked" by The Lost Generation. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 154.   The copy (or copies) of the sound recording of "The Sly, Slick & The Wicked" by The Lost Generation that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | Disputed.  Geluso Decl., at ¶ 89. |

McKool Smith Hennigan, P.C.
Los Angeles, CA

54

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| 155.  The differences between the sound recording(s) of "The Sly, Slick & The Wicked" by The Lost Generation that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 89. |
| 156.  ***Soulful Strut***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Soulful Strut" by The Young-Holt Unlimited that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Soulful Strut" by The Young-Holt Unlimited. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 14, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Sottolano Decl., at ¶¶ 6; Sottolano Depo., at 34:18-23; 36:11-14; 42:14-16; 80:23-81:8 (Ex. 5 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 157.  The copy (or copies) of the sound recording of "Soulful Strut" by The Young-Holt Unlimited | Disputed.  Geluso Decl., at ¶ 95. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | |
| 158.  The differences between the sound recording(s) of "Soulful Strut" by The Young-Holt Unlimited that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 95. |
| 159.  ***Can I Change My Mind***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Can I Change My Mind" by Tyrone Davis that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Can I Change My Mind" by Tyrone Davis. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 160.  The copy (or copies) of the sound recording of "Can I Change | Disputed.  Geluso Decl., at ¶ 90. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| My Mind" by Tyrone Davis that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | |
| 161.  The differences between the sound recording(s) of "Can I Change My Mind" by Tyrone Davis that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 90. |
| 162.  ***I Had It All The Time***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "I Had It All The Time" by Tyrone Davis that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "I Had It All The Time" by Tyrone Davis. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 163.  The copy (or copies) of the sound recording of "I Had It All | Disputed.  Geluso Decl., at ¶ 91. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| The Time" by Tyrone Davis that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own | |
| 164.  The differences between the sound recording(s) of "I Had It All The Time" by Tyrone Davis that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 91. |
| 165.  ***Is It Something That You've Got***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Is It Something That You've Got" by Tyrone Davis that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Is It Something that You've Got" by Tyrone Davis. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 166.  The copy (or copies) of the sound recording of "Is It | Disputed. Geluso Decl., at ¶ 92. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| Something That You've Got" by Tyrone Davis that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | |
| 167.  The differences between the sound recording(s) of "Is It Something That You've Got" by Tyrone Davis that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 92. |
| 168.  ***Turn Back The Hands Of Time***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Turn Back The Hands Of Time" by Tyrone Davis that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Turn Back the Hands of Time" by Tyrone Davis. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 9, 17-23; Neiman Decl., at ¶ 10; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 169.  The copy (or copies) of the | Disputed.  Geluso Decl., at ¶ 93. |

59

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| sound recording of "Turn Back The Hands Of Time" by Tyrone Davis that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | |
| 170.  The differences between the sound recording(s) of "Turn Back The Hands Of Time" by Tyrone Davis that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 93. |
| 171.  ***Groove Me***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Groove Me" by King Floyd that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Groove Me" by King Floyd. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 10, 17-23; Neiman Decl., at ¶ 11; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 172.  The copy (or copies) of the | Disputed.  Geluso Decl., at ¶ 61. |

60

1165623

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| sound recording of "Groove Me" by King Floyd that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | |
| 173.  The differences between the sound recording(s) of "Groove Me" by King Floyd that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed.  This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS.  Geluso Decl., at ¶ 61. |
| 174.  ***In the Upper Room***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "In the Upper Room" by Mahalia Jackson that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "In the Upper Room" by Mahalia Jackson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 10, 17-23; Neiman Decl., at ¶ 11; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 175.  The copy of the sound recording of "In the Upper Room" | Undisputed. |

McKool Smith Hennigan, P.C.
Los Angeles, CA

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| by Mahalia Jackson that CBS possesses is of an entirely different performance than, and is not the same recording as, the original pre-1972 recording plaintiffs claim to own. | |
| 176. ***Silent Night***: Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Silent Night" by Mahalia Jackson that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Silent Night" by Mahalia Jackson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 10, 17-23; Neiman Decl., at ¶ 11; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 177.  The copy of the sound recording of "Silent Night" by Mahalia Jackson that CBS possesses is of an entirely different performance than, and is not the same recording as, the original pre-1972 recording plaintiffs claim to own. | Undisputed. |
| 178.  ***His Eye Is On The Sparrow***: | Disputed.  Plaintiffs have substantial, |

62

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "His Eye Is On The Sparrow" by Mahalia Jackson that plaintiffs claim to own. | material evidence proving that CBS publicly performed "His Eye Is On the Sparrow" by Mahalia Jackson. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 10, 17-23; Neiman Decl., at ¶ 11; Neiman Depo., at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 179.  The copy of the sound recording of "His Eye Is On The Sparrow " by Mahalia Jackson that CBS possesses is of an entirely different performance than, and is not the same recording as, the original pre-1972 recording plaintiffs claim to own. | Undisputed. |
| 180.  ***Rang Tang Ding Done***:  Plaintiffs cannot establish that CBS publicly performed the pre-1972 sound recording of "Rang Tang Ding Done" by The Cellos that plaintiffs claim to own. | Disputed.  Plaintiffs have substantial, material evidence proving that CBS publicly performed "Rang Tang Ding Dong" by The Cellos. Email from A. Gressel of January 7, 2016 including attachment (Block Decl., ¶ 4; Ex. 2 to Block Decl.); Block Decl., ¶¶ 5-6, 10, 17-23; Neiman Decl., at ¶ 11; Neiman Depo., |

63

1165623

McKool Smith Hennigan, P.C.
Los Angeles, CA

| CBS's Alleged Undisputed Facts | Plaintiffs' Material Facts in Dispute |
|---|---|
| | at 13:14-19:24; 28:18-31:22 (Ex. 4 to Block Decl.); Ex. 7; 13 to Block Decl. |
| 181. The copy (or copies) of the sound recording of "Rang Tang Ding Done" by The Cellos that CBS possesses is not the same sound recording as the pre-1972 sound recording plaintiffs claim to own. | Disputed. Geluso Decl., at ¶ 69. |
| 182. The differences between the sound recording(s) of "Rang Tang Ding Done" by The Cellos that CBS possesses and the original pre-1972 sound recording plaintiffs claim to own are due to non-mechanical processes undertaken by a sound engineer. | Disputed. This statement is not supported by the Begault and Inglot declaration paragraphs cited by CBS. Geluso Decl., at ¶ 69. |

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

MCKOOL SMITH HENNIGAN, P.C.

By: */s/ Roderick G. Dorman*
     RODERICK G. DORMAN (SBN 96908)
     rdorman@mckoolsmithhennigan.com
     ROBERT E. ALLEN (SBN 166589)
     rallen@mckoolsmithhennigan.com
     LAWRENCE M. HADLEY (SBN 157728)
     lhadley@mckoolsmithhennigan.com
     ALAN P. BLOCK (SBN 143783)
     ablock@mckoolsmithhennigan.com
     300 South Grand Avenue, Suite 2900
     Los Angeles, CA 90071
     T:  (213) 694-1200; F:  (213) 694-1234

MILLER LAW LLC

By: */s/ Marvin A. Miller*
     MARVIN A. MILLER (admitted *pro hac vice*)
     mmiller@millerlawllc.com
     ANDREW SZOT (admitted *pro hac vice*)
     aszot@millerlawllc.com
     KATHLEEN E. BOYCHUCK
               (admitted *pro hac vice*)
     kboychuck@millerlawllc.com
     115 S. LaSalle St., Suite 2910
     Chicago, IL 60603
     T:  (312) 332-3400; F:  (312) 676-2676

     *Attorneys for Plaintiffs*
     ABS ENTERTAINMENT, INC., BARNABY
     RECORDS, INC., BRUNSWICK RECORD
     CORPORATION and MALACO, INC.

McKool Smith Hennigan, P.C.
Los Angeles, CA

PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

1165623

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 4, 2016 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.  Any other counsel of record will be served by electronic mail, facsimile, U.S. Mail and/or overnight delivery.

*/s/ Yoshie Botta*
Yoshie Botta

McKool Smith Hennigan, P.C.
Los Angeles, CA

1165623