1  MCKOOL SMITH HENNIGAN, P.C.
   RODERICK G. DORMAN (SBN 96908)
2  rdorman@mckoolsmithhennigan.com
   ROBERT E. ALLEN (SBN 166589)
3  rallen@mckoolsmithhennigan.com
   LAWRENCE M. HADLEY (SBN 157728)
4  lhadley@mckoolsmithhennigan.com
   ALAN P. BLOCK (SBN 143783)
5  ablock@mckoolsmithhennigan.com
   300 South Grand Avenue, Suite 2900
6  Los Angeles, CA 90071
   T:  (213) 694-1200; F:  (213) 694-1234
7
8  MILLER LAW LLC
   MARVIN A. MILLER (admitted pro hac vice)
9  mmiller@millerlawllc.com
   ANDREW SZOT (admitted pro hac vice)
10 aszot@millerlawllc.com
   KATHLEEN E. BOYCHUCK (admitted pro hac vice)
11 kboychuck@millerlawllc.com
   115 S. LaSalle Street, Suite 2910
12 Chicago, IL 60603
   T:  (312) 332-3400; F:  (312) 676-2676
13
14
15 Attorneys for Plaintiffs

16 **UNITED STATES DISTRICT COURT**

17 **CENTRAL DISTRICT OF CALIFORNIA**

18

19 ABS ENTERTAINMENT, INC., an              ) Case No. 2:15-cv-6257-PA (AGRx)
   Arkansas corporation, BARNABY            )
20 RECORDS, INC., a California corporation, )
   BRUNSWICK RECORD CORPORATION,            ) **PLAINTIFFS' EVIDENTIARY**
21 a New York corporation and MALACO,       ) **OBJECTIONS TO CBS'S**
   INC., a Mississippi corporation, each    ) **DECLARATIONS OF SETH**
22 individually and on behalf of all others ) **NEIMAN AND JEFF**
   similarly situated.                      ) **SOTTOLANO SUBMITTED IN**
23                                          ) **SUPPORT OF CBS'S MOTION**
                                            ) **FOR SUMMARY JUDGMENT**
24              Plaintiffs,                 ) **OR, IN THE ALTERNATIVE,**
                                            ) **PARTIAL SUMMARY**
25         v.                               ) **JUDGMENT**
                                            )
26 CBS CORPORATION, a Delaware              )
   corporation; CBS RADIO INC., a Delaware  ) Date:   May 2, 2016
27 corporation; and DOES 1 through 10,      ) Time:   1:30 p.m.
                                            ) Place:  Courtroom 15 – Spring St.
28              Defendants.                 ) Before: Hon. Percy Anderson
                                            )

McKool Smith Hennigan, P.C.
Los Angeles, CA

1    Plaintiffs object to the following evidence cited in support of CBS's Motion for

2  Summary Judgment, or, in the Alternative, for Partial Summary Judgment.

3  **Objection No. 1**

4  **Evidence Objected to:**

5    13.    The CD liner notes confirm that the sound recordings CBS played

6    were re-issued, re-mastered, and/or re-mixed digital recordings, and were not

7    the original analog recordings that were released on vinyl records. In many

8    cases the liner notes show that a separate copyright registration is being

9    claimed for the new sound recording, well after 1972.

10  Declaration of Seth Neiman, ¶ 13.

11  **Grounds for Objection:**  Irrelevant due to lack of foundation (Fed. R. Evid. 401,

12  402); Probative value is substantially outweighed by prejudice to Plaintiffs, confusing

13  the issues, and misleading the jury (Fed. R. Evid. 403); Impermissible opinion (Fed.R.

14  Evid. 701).

15    The declaration itself provides no foundation as to how Mr. Neiman would have

16  known whether a copyright was or was not claimed on a "new sound recording" after

17  1972 nor is there is any discussion of what steps Mr. Neiman took to make this

18  determination.  Further, at his deposition, Mr. Neiman admitted that he, in fact, had no

19  knowledge as to whether "sound recording copyrights" were claimed in any of the

20  remastered copies of the works.  (Neiman Dep., at 144:13-146:3; 158:5-160:16; Ex. 4

21  to Block Decl.)  Mr. Neiman conceded that he is unfamiliar with copyright notices in

22  general and conceded that he never reviewed the actual copyright registrations for the

23  CD liner notes at issue before signing his declaration.  (*Id*).  Mr. Neiman could not

24  explain why he testified under penalty of perjury that "sound recording copyrights"

25  existed in the remastered works when he admitted that he had no information on

26  which to base that sworn testimony.   (Neiman Dep., at 153:3-158:4; Ex. 4 to Block

27  Decl.)

28

McKool Smith Hennigan, P.C.
Los Angeles, CA

1171884

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO
NEIMAN AND SOTTOLANO DECLARATIONS

1

**Objection No. 2**

**Evidence Objected to:**

All statements by Mr. Neiman in Paragraphs 14-38, 40-47, 50-69, and 71-72 of his Declaration to the effect that any entity had claimed, after 1972, a "sound recording copyright" in any recording.

**Grounds for Objection:**  Irrelevant due to lack of foundation (Fed. R. Evid. 401, 402); Probative value is substantially outweighed by prejudice to Plaintiffs, confusing the issues, and misleading the jury (Fed. R. Evid. 403); Impermissible opinion (Fed.R. Evid. 701).

The declaration itself provides no foundation as to how Mr. Neiman would have known whether a copyright was or was not claimed on a "new sound recording" after 1972 nor is there is any discussion of what steps Mr. Neiman took to make this determination.  Further, at his deposition, Mr. Neiman admitted that he, in fact, had no knowledge as to whether "sound recording copyrights" were claimed in any of the remastered copies of the works.  (Neiman Dep., at 144:13-146:3; 158:5-160:16; Ex. 4 to Block Decl.)  Mr. Neiman conceded that he is unfamiliar with copyright notices in general and conceded that he never reviewed the actual copyright registrations for the CD liner notes at issue before signing his declaration.  (*Id*).  Mr. Neiman could not explain why he testified under penalty of perjury that "sound recording copyrights" existed in the remastered works when he admitted that he had no information on which to base that sworn testimony.   (Neiman Dep., at 153:3-158:4; Ex. 4 to Block Decl.)

**Objection No. 3**

**Evidence Objected to:**

10.     The CD liner notes (attached as exhibits, as discussed below) confirm that the sound recordings that CBS may have played were re-issued, re-mastered, and/or re-mixed digital recordings, and were not the original analog recordings that appeared on vinyl. In many cases the liner notes show that a

1171884
PLAINTIFFS' EVIDENTIARY OBJECTIONS TO
NEIMAN AND SOTTOLANO DECLARATIONS

McKool Smith Hennigan, P.C.
Los Angeles, CA

1   separate copyright registration is being claimed for the new sound recording,

2   well after 1972.

3   Declaration of Jeff Sottolano, ¶ 10.

4   **Grounds for Objection:**  Irrelevant due to lack of foundation (Fed. R. Evid. 401,

5   402); Probative value is substantially outweighed by prejudice to Plaintiffs, confusing

6   the issues, and misleading the jury (Fed. R. Evid. 403); Impermissible opinion (Fed.R.

7   Evid. 701).

8   The declaration itself provides no foundation as to how Mr. Sottolano would

9   have known whether a copyright was or was not claimed on a "new sound recording"

10   after 1972 nor is there is any discussion of what steps Mr. Sottolano took to make this

11   determination.  Further, at his deposition, Mr. Sottolano admitted that he, in fact, had

12   no knowledge as to whether "sound recording copyrights" were claimed in any of the

13   remastered copies of the works.  (Sottolano Dep., 99:20-111:2; Ex. 5 to Block Decl.)

14   Mr. Sottolano conceded that he is unfamiliar with copyright notices in general and

15   conceded that he never reviewed the actual copyright registrations for the CD liner

16   notes at issue before signing his declaration.  (*Id*).  Mr. Sottolano could not explain

17   why he testified under penalty of perjury that "sound recording copyrights" existed in

18   the remastered works when he admitted that he had no information on which to base

19   that sworn testimony.   (Sottolano Dep., 100:3-109:8; Ex. 5 to Block Decl.)

20   **<u>Objection No. 4</u>**

21   **Evidence Objected to:**

22   All statements by Mr. Sottolano in Paragraphs  11-24 and 26-32 of his

23   Declaration to the effect that any entity had claimed, after 1972, a "sound recording

24   copyright" in any recording.

25   **Grounds for Objection:**  Irrelevant due to lack of foundation (Fed. R. Evid. 401,

26   402); Probative value is substantially outweighed by prejudice to Plaintiffs, confusing

27   the issues, and misleading the jury (Fed. R. Evid. 403); Impermissible opinion (Fed.R.

28   Evid. 701).

MCKOOL SMITH HENNIGAN, P.C.
LOS ANGELES. CA

1171884
PLAINTIFFS' EVIDENTIARY OBJECTIONS TO
NEIMAN AND SOTTOLANO DECLARATIONS

1    The declaration itself provides no foundation as to how Mr. Sottolano would

2    have known whether a copyright was or was not claimed on a "new sound recording"

3    after 1972 nor is there is any discussion of what steps Mr. Sottolano took to make this

4    determination.  Further, at his deposition, Mr. Sottolano admitted that he, in fact, had

5    no knowledge as to whether "sound recording copyrights" were claimed in any of the

6    remastered copies of the works.  (Sottolano Dep., 99:20-111:2; Ex. 5 to Block Decl.)

7    Mr. Neiman conceded that he is unfamiliar with copyright notices in general and

8    conceded that he never reviewed the actual copyright registrations for the CD liner

9    notes at issue before signing his declaration.  (*Id*).  Mr.  Neiman could not explain

10   why he testified under penalty of perjury that "sound recording copyrights" existed in

11   the remastered works when he admitted that he had no information on which to base

12   that sworn testimony.   (Sottolano Dep., 100:3-109:8; Ex. 5 to Block Decl.)

13

14   DATED: April 4, 2016            Respectfully submitted,

15                                   MCKOOL SMITH HENNIGAN, P.C.

16

17                                   By:  */s/ Lawrence M. Hadley*
                                         RODERICK G. DORMAN (SBN 96908)
18                                       rdorman@mckoolsmithhennigan.com
                                         ROBERT E. ALLEN (SBN 166589)
19                                       rallen@mckoolsmithhennigan.com
                                         LAWRENCE M. HADLEY (SBN 157728)
20                                       lhadley@mckoolsmithhennigan.com
                                         ALAN P. BLOCK (SBN 143783)
21                                       ablock@mckoolsmithhennigan.com
22                                       300 South Grand Avenue, Suite 2900
                                         Los Angeles, CA 90071
23                                       T:  (213) 694-1200; F:  (213) 694-1234
24

25

26

27

28

MCKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

1171884

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO
NEIMAN AND SOTTOLANO DECLARATIONS

MCKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

1

MILLER LAW LLC

2

By: */s/ Marvin A. Miller*

3

MARVIN A. MILLER (admitted *pro hac vice*)
mmiller@millerlawllc.com

4

ANDREW SZOT (admitted *pro hac vice*)

5

aszot@millerlawllc.com
KATHLEEN E. BOYCHUCK

6

(admitted *pro hac vice*)

7

kboychuck@millerlawllc.com
115 S. LaSalle St., Suite 2910

8

Chicago, IL 60603

9

T:  (312) 332-3400; F:  (312) 676-2676

10

*Attorneys for Plaintiffs*

11

ABS ENTERTAINMENT, INC., BARNABY
RECORDS, INC., BRUNSWICK RECORD

12

CORPORATION and MALACO, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

PLAINTIFFS' EVIDENTIARY OBJECTIONS TO
NEIMAN AND SOTTOLANO DECLARATIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 4, 2016 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.  Any other counsel of record will be served by electronic mail, facsimile, U.S. Mail and/or overnight delivery.

*/s/ Yoshie Botta*
Yoshie Botta

6

1171884