MCKOOL SMITH HENNIGAN, P.C.
RODERICK G. DORMAN (SBN 96908)
rdorman@mckoolsmithhennigan.com
ROBERT E. ALLEN (SBN 166589)
rallen@mckoolsmithhennigan.com
ALAN P. BLOCK (SBN 143783)
ablock@mckoolsmithhennigan.com
865 S. Figueroa St., Suite 2900
Los Angeles, CA 90017
T: (213) 694-1200; F: (213) 694-1234

MILLER LAW LLC
MARVIN A. MILLER (admitted pro hac vice)
mmiller@millerlawllc.com
ANDREW SZOT (admitted pro hac vice)
aszot@millerlawllc.com
KATHLEEN E. BOYCHUCK (admitted pro hac vice)
kboychuck@millerlawllc.com
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
T: (312) 332-3400; F: (312) 676-2676

Attorneys for Plaintiffs
ABS ENTERTAINMENT, INC., BARNABY RECORDS, INC., BRUNSWICK RECORD CORPORATION and MALACO, INC.

(SEE SIGNATURE PAGE FOR ADDITIONAL PARTIES)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABS ENTERTAINMENT, INC., an Arkansas corporation, BARNABY RECORDS, INC., a California corporation, BRUNSWICK RECORD CORPORATION, a New York corporation and MALACO, INC., a Mississippi corporation, each individually and on behalf of all others similarly situated.<br><br>                Plaintiffs,<br>    v.<br>CBS CORPORATION, a Delaware corporation; CBS RADIO INC., a Delaware corporation; and DOES 1 through 10,<br><br>                Defendants. | Case No. 2:15-cv-6257-PA (AGRx)<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's November 16, 2018 Minute Order (Dkt. 116), the parties timely met and conferred, and submit this Joint Status Report.

## I. Factual And Legal Issues Remanded For Resolution.

The Ninth Circuit reversed the granting of CBS's motion for summary judgment (Dkt. 104), the exclusion of the testimony of Paul Geluso (*id.*), the admissibility of the Triton Reports (*id.*), and the striking of ABS's class action motion as untimely (Dkt. 65). *Abs Entm't v. CBS Corp.*, No. 16-55917, 2018 U.S. App. LEXIS 30808, at *4-5 (9th Cir. Oct. 31, 2018). The Ninth Circuit remanded the case to this Court for further proceedings consistent with its opinion. *Id.*

## II. Recent Legal Developments That Commend the Proposed Case Management Recommendation Below.

The primary substantive issue in this case is whether CBS is liable for the unauthorized public performance of pre-1972 recordings in California under state law (the secondary substantive issues is whether CBS is liable for the unauthorized reproduction and distribution of those recordings). Two recent events, however, have altered the landscape of this case. First, the President of the United States signed on October 11, 2018 the Music Modernization Act (the "MMA"), which prospectively treated pre-72 recordings like post-72 recordings *for digital audio transmissions* and preempts state law claims for the prior three years if certain conditions are met (including payment), but *only for digital audio transmissions*. The MMA, however, did not preempt state law with respect to non-digital audio transmissions, such as terrestrial broadcasts.

Second, the question of whether the right of public performance is included in the bundle of exclusive rights of owners of pre-72 recordings under California law was recently certified by the Ninth Circuit to the California Supreme Court in the case of *Flo & Eddie, Inc. v. Pandora Media, Inc.*, 851 F.3d 950 (9th Cir. 2017). The question remains pending before the California Supreme Court, where it is fully

briefed and awaiting a date for oral argument. *Flo & Eddie, Inc. v. Pandora Media, Inc.*, California Supreme Court Case No. S240649.

### III. Proposal for Resolving Remanded Issues.

Considering that the primary legal question involved in this case is set to be resolved imminently by the California Supreme Court, and in order to promote judicial economy, the parties recommend the following:

A. The Court stays the case pending the decision by the California Supreme Court in *Pandora*;

B. Within sixty (60) days following the decision by the California Supreme Court in *Pandora*, the parties will meet and confer in good faith to attempt to settle the case; and

C. At the conclusion of that sixty (60) day period, if the parties have not settled the case, the parties will file another Joint Status Report concerning the case and further recommended proceedings.

DATED: December 12, 2018  Respectfully submitted,

MCKOOL SMITH HENNIGAN, P.C.

By: */s/ Roderick G. Dorman*
RODERICK G. DORMAN (SBN 96908)
rdorman@mckoolsmithhennigan.com
ROBERT E. ALLEN (SBN 166589)
rallen@mckoolsmithhennigan.com
ALAN P. BLOCK (SBN 143783)
ablock@mckoolsmithhennigan.com
300 South Grand Avenue., Suite 2900
Los Angeles, CA 90071
T: (213) 694-1200; F: (213) 694-1234

MILLER LAW LLC

By: */s/ Marvin A. Miller*
MARVIN A. MILLER (ARDC 1916769)
mmiller@millerlawllc.com

| | |
|---|---|
|  | ANDREW SZOT (ARDC 6274264) |
|  | aszot@millerlawllc.com |
|  | KATHLEEN E. BOYCHUCK (ARDC 6288035) |
|  | kboychuck@millerlawllc.com |
|  | 115 S. LaSalle St., Suite 2910 |
|  | Chicago, IL 60603 |
|  | T:  (312) 332-3400; F:  (312) 676-2676 |

*Attorneys for Plaintiffs*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Robert M. Schwartz*
ROBERT M. SCHWARTZ
robertschwartz@quinnemanuel.com
865 S. Figueroa Street, Tenth Floor
Los Angeles, California 90017
T:  (213) 443-3675

*Attorneys for Defendants*

McKool Smith Hennigan, P.C.
Los Angeles, CA

-3-
JOINT STATUS REPORT

4851-1127-7954

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 12, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile, U.S. Mail and/or overnight delivery.

*/s/ Elizabeth B. Morrin*
Elizabeth B. Morrin